# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

February 15, 2024

***Via Electronic Filing***
The Hon. Taryn A. Merkl, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: *Vera v. Mei Zhou Trading Inc. et al*
       Case No.: 1:23-cv-05531-EK-TAM

Dear Honorable Magistrate Judge Merkl:

  This law firm represents Plaintiff Marlon Vera (the "Plaintiff") in the above-referenced action.

  Pursuant to Your Honor's Individual Motion Practice Rules, this letter respectfully serves to respond to Your Honor's February 14, 2024 Order to Show Cause (the "February 14th Order").

  At the outset, the undersigned wishes to apologize for not directly responding to Your Honors' January 12, 2024 Order [Dckt. No. 18]. The failure to respond was neither intentional, nor ill-motivated. It was the undersigned's understanding that the parties' filing of the offer of judgment [*see* Dckt. Nos. 19-20] (the "Offer of Judgment"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 68, obviated the need for a formal response. *See Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 402 (2d Cir. 2019).

  Specifically, in light of the filing of the Offer of Judgment, it is respectfully submitted that *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) is inapplicable to the instant action. *See Hasaki Rest., Inc*. at 411 ("Because] the FLSA does not require judicial approval of Rule 68(a) offers of judgment, we decline to extend Cheeks' judicial approval requirement to that context."); *see also Zang v. Daxi Sichuan, Inc*., 2023 WL 2305934, at *8, fn.7 (E.D.N.Y. 2023) ("Though, the *Cheeks* reasonableness analysis does not apply here, of course, because it is a Rule 68 offer of judgment, and not a settlement agreement entered into by the parties.") (*quoting Hasaki Rest., Inc*., 944 F.3d at 411); *Morales v. Bund Inc.*, 2023 WL 8361295, at *2 (E.D.N.Y. 2023) ("judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims") (*citing Hasaki*).

  It is further respectfully submitted that *Hasaki* still controls, even where the parties reach a settlement prior to the filing of the offer of judgment. *See, e.g., Miranda v. Grace Farms, Inc.*, 2024 WL 36798, at *3 (S.D.N.Y 2024) (ordering that judgment be entered in accordance with the parties' Rule 68 filings, after being advised that a settlement was reached); *Blanco et al v. Winstar Service Inc. et al,* Case No. 1:23-cv-02028-RPK-TAM (E.D.N.Y. 2023) at Dckt. Nos. 20, 22 (advising the Court that a settlement was reached at a virtual mediation, and subsequently filing

1

an offer of judgment); *John v. Kerala Spices Restaurant Inc., et al*, Case No.: 1:22-cv-02797-ENV-TAM (E.D.N.Y. 2022) at Dckt. No. 29 (same proposition); *see also Villa v. Little Scholars Childcare LLC et al*, Case No. 1:23-cv-05772-PGG-BCM (S.D.N.Y 2023) at Dckt. No. 26 (advising the Court of the parties' intention to dispose of the action through the filing of an offer of judgment, following a successful virtual mediation).

In light of the foregoing, it is respectfully submitted that *Cheeks* is inapplicable to the instant action, and that, consistent with the Second Circuit's holding in *Hasaki*, this Court should direct the Clerk of Court to enter an order, in accordance with the parties' Offer of Judgment.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

                                                LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                                By:   */s/ Jason Mizrahi*
                                                      Jason Mizrahi
                                                      60 East 42nd Street, Suite 4747
                                                      New York, NY 10170
                                                      Tel. No.:  (212) 792-0048
                                                      Email: Jason@levinepstein.com
                                                      *Attorneys for Plaintiff*